# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Laura and Barry Paripsky

### DEFENDANTS
See attached sheet

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Antonio, TX**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew B. Weisberg, Esquire  (610-690-0801)
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070

Attorneys (If Known)
Courtney Seda McDonnell, Esquire  (610-337-2087)
McDonnell & Associates, P.C.
601 S. Henderson Road, Suite 152
King of Prussia, PA 19406

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. § 1441**
Brief description of cause:
N/A

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $: In excess of $50,000.00

CHECK YES only if demanded in complaint:
JURY   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 6/7/07

SIGNATURE OF ATTORNEY OF RECORD: *Courtney Seda McDonnell*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**CIVIL COVER SHEET**  **APPENDIX H**
(Attachment)

**DEFENDANTS**

AMERICAN CELLULAR NETWORK CO.,
d/b/a Cingular Wireless,
    and
ATLANTIC WIRELESS GROUP, INC.,
c/o Corporation Service Company PA
d/b/a Cingular Wireless,
    and
DELAWARE VALLEY PCS COMMUNICATORS, LLC
d/b/a Cingular Wireless,
    and
AT&T, INC.
s/i/i/t Cingular Wireless

77.001

# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA and BARRY PARIPSKY, h/w | : CIVIL ACTION - LAW |
| v. | : |
| | : NO. |
| AMERICAN CELLULAR NETWORK CO., d/b/a Cingular Wireless, and | : |
| ATLANTIC WIRELESS GROUP, INC., c/o Corporation Service Company PA d/b/a Cingular Wireless, and | : |
| DELAWARE VALLEY PCS COMMUNICATORS, LLC d/b/a Cingular Wireless, and | : |
| AT&T, INC. s/i/i/t Cingular Wireless | : **JURY TRIAL DEMANDED** |

## DEFENDANT, AT&T, INC.'S, NOTICE OF REMOVAL

Defendant, AT&T, Inc. incorrectly designated as American Cellular Network Co., d/b/a Cingular Wireless, Delaware Valley PCS Communicators, LLC d/b/a Cingular Wireless and AT&T, Inc., s/i/i/t Cingular Wireless (hereinafter "AT&T"), by and through its undersigned attorneys, gives Notice of the Removal to this Court of a state civil action pending in the Court of Common Pleas of Montgomery County, Pennsylvania pursuant to 28 U.S.C. §1441(a) and (b) and in support thereof avers as follows:

1.  A Civil Action has been brought against AT&T via Complaint by the Plaintiffs and is pending in the Court of Common Pleas of Montgomery County at docket No. 07-09741. A copy of Plaintiffs' Complaint is attached hereto and marked as Exhibit "A".

2.  The State Court wherein this action was originally filed is located in Montgomery County, Pennsylvania, which is embraced within this jurisdictional district.

3.      Removal from the Montgomery Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

4.      This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000.00 as set forth below.

5.      Plaintiffs allege that they are citizens of the Commonwealth of Pennsylvania and reside at 187 Camp Meeting Road, Willow Grove, PA 19090.

6.      American Cellular Network Co., d/b/a Cingular Wireless no longer exists as a corporate entity. The new corporate entity is New Cingular Wireless, PCS, LLC which is wholly owned by AT & T.

7.      Delaware Valley PCS Communicators, LLC merged with American Cellular Network in 2002, and no longer exist as a corporate entity. American Cellular Network merged with New Cingular Wireless, PCS, LLC which is wholly owned by AT&T.

8.      AT&T is a Delaware corporation with a principal place of business in San Antonio, Texas.

9.      Upon information and belief, Atlantic Wireless Group is a New Jersey corporation with a principal place of business in New Jersey.

10.     Atlantic Wireless Group has consented to removal of this case to the United States District Court for the Eastern District of Pennsylvania. See Exhibit "B".

11.     AT&T was served with a copy of the Complaint on or about May 10, 2007 for an accident that occurred at the Willow Grove Naval Air Station. This Notice of Removal is filed within thirty (30) days of service of the Complaint.

12.     Plaintiff Laura Paripsky, alleges that she suffered serious and permanent injuries to her left eye including a retinal tear, traumatic episeleritis, microhyphema, bruising of the lower lid, laceration on the upper lid, floaters, laser surgery, and various other injuries as a result of being struck in the eye. Plaintiff alleged damages in excess of $50,000.00. See Exhibit A.

13.     Plaintiff husband is making a loss of consortium claim and has also alleged damages in excess of $50,000.

14.     On May 30, 2007, AT&T sent correspondence to Plaintiffs requesting that they stipulate to damages of less than $75,000 to avoid removal of this action to the United States District Court for the Eastern District of Pennsylvania. See Exhibit "C".

15.     On June 6, 2007, counsel for AT&T called Plaintiffs' counsel to determine whether Plaintiffs were agreeable to stipulating to damages of less than $75,000. Plaintiffs' counsel has not returned our call, nor has he returned the executed stipulation to limit damages.

16.     Consequently, AT&T has a good faith belief that Plaintiffs are seeking damages in excess of $75,000.

17.     Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b) and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant, respectfully requests that the State Action be removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

                                                                 MCDONNELL & ASSOCIATES, P.C.

Dated:    June 7, 2007               By:    _/s/ Courtney Seda McDonnell_
                                                                Courtney Seda McDonnell, Esquire
                                                               Attorney I.D. No.  PA76263
                                                                601 S. Henderson Road, Suite 152
                                                               King of Prussia, PA  19406
                                                               cseda@mcda-law.com

                                                               (610)   337-2087 - Telephone
                                                               (610)   337-2575 - Facsimile

                                                               *Attorneys for Defendant*
                                                               *AT&T, Inc.*

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| LAURA and BARRY PARIPSKY, h/w | : CIVIL ACTION - LAW |
| v. | : |
| | : NO. |
| AMERICAN CELLULAR NETWORK CO., | : |
| d/b/a Cingular Wireless, | : |
| and | : |
| ATLANTIC WIRELESS GROUP, INC., | : |
| c/o Corporation Service Company PA | : |
| d/b/a Cingular Wireless, | : |
| and | : |
| DELAWARE VALLEY PCS COMMUNICATORS, LLC | : |
| d/b/a Cingular Wireless, | : |
| and | : |
| AT&T, INC. | : |
| s/i/i/t Cingular Wireless | : **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Courtney Seda McDonnell, Esquire hereby certify that a true and correct copy of Defendant, AT&T, Inc.'s Notice of Removal was served via first class mail, postage prepaid on June 8, 2007 to the counsel below named:

Matthew B. Weisberg, Esquire
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA  19070

Robert J. Siegel, Esquire
Kennedy, Lipski & McDade
1818 Market Street, Suite 2510
Philadelphia, PA  19103

**MCDONNELL & ASSOCIATES, P.C.**

Dated:   June 8, 2007           By:   _/s/ Courtney Seda McDonnell_
Courtney Seda McDonnell, Esquire
Attorney I.D. No.  PA76263
601 S. Henderson Road, Suite 152
King of Prussia, PA  19406
cseda@mcda-law.com

(610)   337-2087 - Telephone
(610)   337-2575 - Facsimile

*Attorneys for Defendant
AT&T, Inc.*